UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

                                                  Civil Action Number
v.                                                  3:01CR-16-J

CARLOS LEO HUMPHREY

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Mr. Humphrey's petition pursuant to 28 U.S.C. Sec. 2255. The specific question presented for decision is whether the petition should be dismissed as untimely. After examining the materials of record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the petition was not filed within one year of a newly recognized right, and it should be dismissed as untimely.

Following a guilty plea, Mr. Humphrey was sentenced in November 2001. He did not appeal. On May 9, 2005, Mr. Humphrey filed a petition pursuant to 28 U.S.C. Sec. 2255. Section 2255 includes a one year limitation provision. The statute, in relevant part, provides that the limitation period runs from:

> (1) the date on which the judgment of conviction becomes final; [or]
> ...
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]

Mr. Humphrey argues that his petition was timely because it was filed within one year of United States v. Booker, 125 S.Ct. 738 (2005). Thus, the specific question to be determined here is

1

whether the Booker case both recognized a right *and* made it retroactively applicable to a case such as Mr. Humphrey's.

Some confusion was produced by Blakely v.Washington, 524 U.S. 296, 124 S.Ct. 2531 (June 24, 2004), which addressed an issue of when a defendant's sentence could be enhanced above the base level if the enhancement was based on facts neither found by a jury nor admitted by the defendant. Some courts, including this one, were of the opinion that Blakely applied to the United States Sentencing Guidelines, while others, including the Court of Appeals for the Sixth Circuit, held a contrary opinion. In United States v. Booker, 125 S.Ct. 738 (2005), the Supreme Court applied Blakely to the United States Sentencing Guidelines, and ruled that they were advisory only. The question not explicitly addressed in the opinion was whether Blakely and Booker would be apply retroactively. In Humphress v. United States, 398 F.3d 855 (6th Cir. 2005), the Sixth Circuit ruled that Booker does not apply collaterally to a federal defendant whose convictions were final at the time of its pronouncement. As Mr. Humphrey's convictions were final as of 2001 – i.e., prior to both Blakely and Booker, Booker does not apply to his case.

Accordingly,

IT IS ORDERED that the Section 2255 petition is dismissed as untimely.

This is a final order.